Filed 3/30/26  P. v. Valle CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BENJAMIN VALLE,<br><br>　　　Defendant and Appellant. | F089317<br><br>(Super. Ct. No. F09400138)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　Before Hill, P. J., Franson, J. and Meehan, J.

# INTRODUCTION

Appellant Benjamin Valle contends on appeal that the minute order and the abstract of judgment from his resentencing hearing should be corrected to delete any reference to Penal Code section 667.5, subdivision (b),[1] which was stricken by the trial court. The People agree but clarify the minute order should reflect the section 667.5, subdivision (b) enhancement was stricken. The People add that the abstract of judgment should also be corrected to reflect that punishment on counts 2 and 3 are stayed under section 654. We agree and remand the matter for the trial court to correct said clerical errors.

# PROCEDURAL SUMMARY[2]

In 2010, after a jury trial, appellant was convicted and sentenced as follows: on count 1, attempted murder (§§ 664, 187, subd. (a)), the upper term of nine years, plus a consecutive term of 25 years to life for discharging a firearm (§ 12022.53, subd. (d)), and a consecutive term of one year for a section 667.5, subdivision (b) prior prison term enhancement. Punishment for other counts and enhancements was imposed and stayed as follows: upper term of seven years for shooting at an occupied vehicle (§ 246, count 2); upper term of three years for possession of a firearm by a felon (§ 12021, subd. (a)(1), count 3); two enhancements for personal use of a firearm (§ 12022.5, subd. (a), counts 1 & 2), two enhancements for personally inflicting great bodily injury (§ 12022.7, subd. (a), counts 1 & 2); and one enhancement for discharging a firearm and causing great bodily injury (§ 12022.53, subd. (d), count 2). Appellant appealed and this court affirmed the judgment. (*People v. Valle* (Jan. 18, 2012, F060425) [nonpub. opn.].)

---

[1]     Hereinafter, undesignated statutory references are to the Penal Code.

[2]     As the sole issue on appeal is limited to correcting the trial court's records, facts related to the underlying conviction are irrelevant to this appeal and therefore intentionally omitted.

In September 2023, the case was placed on the trial court's calendar for resentencing under section 1172.75. The parties filed briefs addressing various grounds for resentencing.

On January 30, 2025, the trial court held the resentencing hearing. The court recalled appellant's sentence and struck the one-year prison prior under section 667.5, subdivision (b). Appellant was resentenced as follows: as to count 1, the middle term of seven years, plus a consecutive term of 25 years to life for the section 12022.53, subdivision (d) enhancement. The punishment for the other counts and enhancements was stayed. Specifically, the court stayed punishment on counts 2 and 3 and stayed punishment for the section 12022.5, subdivision (a) and section 12022.7, subdivision (a) enhancements for counts 1 and 2 pursuant to section 654. A first amended abstract of judgment was filed on February 3, 2025.

Appellant timely filed a notice of appeal.

## DISCUSSION

When there is a discrepancy between the court's oral pronouncement of judgment and a minute order or an abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The parties agree, and so do we, that the minute order and first amended abstract of judgment from the January 30, 2025 resentencing hearing fail to accurately reflect the trial court's oral pronouncement of judgment.

Clerical errors may be corrected any time they do not accurately reflect the oral judgments of sentencing courts. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.) The first clerical error relates to the section 667.5, subdivision (b) prior prison enhancement. The reporter's transcript from the January 30, 2025 hearing records the trial court's oral pronouncement of judgment striking the prison prior enhancement. However, the January 30, 2025 minute order does not reflect that the court struck appellant's section 667.5, subdivision (d) enhancement, but erroneously states the punishment was

3.

stayed and not stricken.  Additionally, the corresponding first amended abstract of judgment still includes the section 667.5, subdivision (d) enhancement, even though it was struck by the court, and erroneously indicates punishment was stayed.  Since there is a discrepancy between the court's oral pronouncement of judgment and the court's records, we must remand the matter to the court to correct its January 30, 2025 minute order to accurately reflect the court struck the section 667.5, subdivision (b) enhancement and amend its abstract of judgment to delete the section 667.5, subdivision (b) enhancement.  (See *Mitchell,* at p. 188.)

Additionally, as the People point out, the first amended abstract of judgment does not reflect the trial court's oral pronouncement of judgment staying imposition of sentence on counts 2 and 3 pursuant to section 654 either.  The reporter's transcript of the January 30, 2025 resentencing hearing indicates the court imposed and stayed sentence on counts 2 and 3 pursuant to section 654.  Our review of the first amended abstract of judgment shows the designated section on the form indicating that imposition of sentence is stayed pursuant to section 654 is not marked for either counts 2 or 3.  Therefore, on remand, the court shall also amend the abstract of judgment to accurately reflect that punishment on counts 2 and 3 is stayed pursuant to section 654.

## DISPOSITION

We remand the matter to the trial court, directing the court to correct its records to conform with the oral pronouncement of judgment at appellant's January 30, 2025 resentencing hearing.  Specifically, the January 30, 2025 minute order should be corrected to reflect that the court struck the section 667.5, subdivision (b) prior prison term enhancement; and the court shall prepare an amended abstract of judgment reflecting the section 667.5, subdivision (b) prior prison enhancement was stricken and that imposition of punishment on counts 2 and 3 was stayed pursuant to section 654.  The court shall then forward a certified copy of the amended abstract of judgment to the appropriate entities.  In all other respects, the judgment is affirmed.

4.